**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOHN THAT LUONG, aka Tony;
Johnny; Thang; Cuong Quoc Dao;
John Dao; Duong; Thanh; Ah
Sinh; That Luong; Ah Sing,
*Defendant-Appellant.*

No. 01-10468

D.C. No.
CR-96-00094-
MHP-01

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

HUY CHI LUONG, aka Chi Fei;
Jimmy Luong,
*Defendant-Appellant.*

No. 01-10469

D.C. No.
CR-96-00094-
MHP-02

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

HOANG AI LE, aka Ah Hoang,
*Defendant-Appellant.*

No. 01-10470

D.C. No.
CR-96-00094-
MHP-07

19773

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

        v.

MADY CHAN,
        *Defendant-Appellant.*

No. 01-10471

D.C. No.
CR-96-00094-
MHP-13

OPINION

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted
August 15, 2006—San Francisco, California

Filed December 26, 2006

Before: William C. Canby, Jr., David R. Thompson, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Canby

**COUNSEL**

William L. Osterhoudt, San Francisco, California; Dennis P. Riordan, Riordan & Horgan, San Francisco, California; Gary K. Dubcoff, San Francisco, California; and George C. Boisseau, Santa Rosa, California; for the defendants-appellants.

Nina Goodman, Appellate Section, Criminal Division, United States Department of Justice, Washington, D.C., for the plaintiff-appellee.

## OPINION

CANBY, Circuit Judge:

John That Luong, Huy Chi Luong, Hong Ai Le, and Mady Chan appeal their convictions and sentences for various crimes relating to their involvement in a criminal enterprise that engaged in robberies of computer companies and in heroin trafficking.[1] In this opinion[2] we address only one issue of statutory interpretation raised by the appellants. The statute in question authorizes a judge, upon proper showing, to authorize "interception of . . . electronic communications within the territorial jurisdiction of the court in which the judge is sitting." 18 U.S.C. § 2518(3). The issue is whether this statute authorized the district court in the Northern District of California to authorize interception of communications to and from a mobile phone used by John Luong when that phone and its area code were located outside of the court's territorial jurisdiction but the government's listening post was located within it. We join several of our sister circuits in holding that the district court had jurisdiction because the intercepted communications were first heard by the government within the court's district.

---

[1] We have jurisdiction over the district court's final judgments under 28 U.S.C. § 1291.

[2] We address the appellants' convictions and sentences, and the remaining issues raised by the appellants, in an unpublished memorandum disposition filed contemporaneously with this opinion.

## I.   Background

On August 1, 1995, a judge in the Northern District of California issued an order authorizing the interception of communications to and from a mobile phone, used by John Luong, with the number (916) 204-6889. Land line telephones with the 916 area code are located in the Eastern District of California, not the Northern District. Both the subscriber's billing address and the mobile service provider were located in the Eastern District of California.

The district court's order was based on the application of the United States and a seventy-two page affidavit from FBI Special Agent Carol Lee. The affidavit contained information gathered from several confidential sources. Agent Lee detailed the credibility and reliability of each source. The affidavit discussed past and continuing investigations into John Luong and his associates and stated that a wiretap was needed because traditional investigative techniques had failed to reveal the membership of John Luong's criminal enterprise or the full scope of its drug dealing activities. The affidavit indicated that, if the district court ordered the wiretap, all of the intercepted conversations would "first be heard in the Northern District of California" and interception "will automatically take place in San Francisco, California, regardless of where the telephone calls are placed to or from."

## II.   Discussion

[1] We review de novo the district court's interpretation of statutes. *United States v. Cabaccang*, 332 F.3d 622, 624-25 (9th Cir. 2003) (en banc).  As we have already pointed out, the governing statute confers jurisdiction on a judge to authorize the "interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting." 18 U.S.C. § 2518(3). The appellants argue that interception occurs only where the telephone is based or located, and not where the government sets up a lis-

tening post where it is first able to hear the intercepted conversation. The issue, therefore, is clearly drawn: What constitutes "interception" within the meaning of section 2518(3)?

**[2]** A separate statutory section defines "intercept[ion]" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). This definition does not state where an interception occurs or whether more than one interception point may exist for jurisdictional purposes.

**[3]** The most reasonable interpretation of the statutory definition of interception is that an interception occurs where the tapped phone is located *and* where law enforcement officers first overhear the call. We join at least three of our sister circuits in so holding. As the Second Circuit reasoned:

> It seems clear that when the contents of a wire communication are captured or redirected in any way, an interception occurs at that time. Such an interception plainly occurs at or near the situs of the telephone itself, for the contents of the conversation . . . are transmitted in one additional direction. Redirection presupposes interception. . . .
>
> Nonetheless, since the definition of interception includes the "aural" acquisition of the contents of the communication, the interception must also be considered to occur at the place where the redirected contents are first heard.

*United States v. Rodriguez*, 968 F.2d 130, 136 (2d Cir. 1992); *accord United States v. Ramirez*, 112 F.3d 849, 852 (7th Cir. 1997) (concluding that an interception occurs in the jurisdiction where the tapped phone is located, where the second phone in the conversation is located, and where the scanner

used to overhear the call is located); *United States v. Denman*, 100 F.3d 399, 403 (5th Cir. 1996) (holding that "the interception includes both the location of a tapped telephone and the original listening post").

**[4]** The district court accordingly had jurisdiction to authorize the wiretap of Luong's mobile telephone despite the phone's Eastern District area code. Agent Lee's affidavit explained that all of the intercepted conversations would "first be heard" at a listening post "in San Francisco, California, regardless of where the telephone calls are placed to or from." The FBI's listening post in San Francisco, California was within the territorial jurisdiction of California's Northern District. The calls were therefore intercepted within the jurisdiction of the judge of the Northern District of California who authorized the wiretap, as required by section 2518(3).

## III. Conclusion

The district court did not err in denying the motion to suppress the wiretap evidence. Its judgment so holding is

**AFFIRMED.**