**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50393 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00671-WQH-1 |
| v. | |
| MICHAEL CAREY, AKA Garrocha, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 15, 2023
Pasadena, California

Before: WALLACE, HURWITZ, and BADE, Circuit Judges.

After Michael Carey was indicted for conspiracy to distribute cocaine, he moved to suppress evidence obtained by federal agents, claiming that the evidence was the fruit of a wiretap targeting a different drug-trafficking conspiracy (the "Escamilla conspiracy"). The district court denied the motion to suppress, and Carey pleaded guilty, reserving the right to challenge the district court's order on appeal.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We vacated the suppression order and remanded for further proceedings because "[t]he record does not indicate what evidence was obtained before the agents knew or should have known they were listening to calls outside of the Escamilla conspiracy." *United States v. Carey*, 836 F.3d 1092, 1098 (9th Cir. 2016). On remand, the district court held an evidentiary hearing and found that the critical wiretap evidence was obtained before agents knew or should have known that they were listening to calls outside the targeted conspiracy, and the district court denied the motion to suppress. We have jurisdiction under 28 U.S.C. § 1291 over Carey's appeal from that ruling and affirm.

1. As a preliminary matter, we reject the government's argument that the plea agreement waived some of the issues Carey now raises on appeal. The agreement reserved Carey's right to "appeal the district court's ruling . . . denying his motion to suppress the wiretap." Each issue raised in this appeal attacks the denial of the suppression motion.

2. Regardless of the standard of review employed, the district court did not err in finding that there were "no interceptions on the T-14 line after any agent knew or should have known that the phone calls on the T-14 line could involve callers outside the scope of the Escamilla conspiracy." Finding the testimony of the federal investigators "entirely consistent and credible," the court credited their statements that the relevant intercepted calls involved the same activity expected from members

2

of the Escamilla conspiracy. The court also found credible the investigators' testimony that a five-day gap between initiation of the T-14 wiretap and the first intercepted conversation was not unusual and that not all Escamilla conspirators discarded their phones every twenty days. And although the first call intercepted under the wiretap order was in English—which Ignacio Escamilla had not previously used when talking to a government informant—the investigators declared that all other calls intercepted thereafter were in Spanish. Because the intercepted calls discussed a similar drug-trafficking operation, the investigators reasonably believed they "had found a previously undiscovered aspect of our subjects' drug trafficking activities," not an unrelated conspiracy.

Carey asserts that the federal investigators should have used border-crossing information to identify him and his co-conspirators, then discovered an ongoing Immigration and Customs Enforcement investigation into them, and then determined that the calls related to a distinct conspiracy. The seizure of the evidence occurred only one week after the first intercepted call, and the record does not show that the information Carey cites was readily accessible to the investigators or that protocol reasonably required them to query multiple databases during that brief period.

3. We also reject Carey's argument that he had a reasonable expectation of privacy in using T-14 during the relevant period. Under the "plain hearing" doctrine,

3

the "government may use evidence obtained from a valid wiretap prior to the officers' discovery of a factual mistake that causes or should cause them to realize that they are listening to phone calls erroneously included within the terms of the wiretap order." *Carey*, 836 F.3d at 1098 (cleaned up).

4. Carey argues for the first time on appeal that investigators' declarations and testimony were perjurious. But there "can virtually never be clear error," let alone plain error, if a district court credits the testimony of a witness who "has told a coherent and facially plausible story that is not contradicted by extrinsic evidence." *Earp v. Davis*, 881 F.3d 1135, 1145–46 (9th Cir. 2018) (cleaned up). Carey also asserts that the government improperly withheld "signal intelligence," but has not shown that any such information either exists or "would have changed the result of the proceeding." *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995) (cleaned up).

5. Citing a statement in *United States v. Rodriguez* that a "different district court judge must decide any motion to suppress wiretap evidence, creating a second level of review in the district court," 851 F.3d 931, 937 (9th Cir. 2017), Carey argues for the first time on appeal that the judge who authorized the T-14 wiretap should not have considered the motion to suppress. But Carey's motion to suppress did not require the issuing judge to engage in a second level of review of his own wiretap authorization because Carey did not attack the validity of the wiretap in the district

court following remand. Rather, the sole issue concerned information obtained after the issuance of the order.

6. Carey also challenges the district court's rejection of his request to replace retained counsel with appointed counsel. Reviewing for abuse of discretion, *see United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010), we find none. The district court rejected Carey's informal pro per motion for substitution of counsel as improperly formatted but did not preclude the refiling of a properly formatted motion. Carey never refiled, and the district court did not abuse its discretion in failing to sua sponte grant the request, particularly given the need to control its docket in light of an imminent deadline for briefing on the motion to suppress. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (stating that a district court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar" (cleaned up)).

7. Carey argues that the district court abused its discretion in denying discovery of various recorded calls, investigative material, and grand jury transcripts. Carey, however, has failed to show how the discovery was "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). The additional material would not have been relevant to the investigators' belief that they were intercepting Escamilla conspiracy calls before the seizure.

8. For the first time on appeal, Carey argues that the affidavit submitted in

support of the wiretap application contained intentionally false or misleading statements and that intercepts were extraterritorial. Even assuming these arguments are not waived under Federal Rule of Criminal Procedure 12(c)(3) and are "thus reviewed for plain error," *United States v. Mongol Nation*, 56 F.4th 1244, 1252 (9th Cir. 2023), the arguments fail. Carey made no "substantial preliminary showing" of a "false statement" or that investigators acted "knowingly and intentionally, or with reckless disregard for the truth." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Nor has he demonstrated interception of relevant calls outside of the territorial jurisdiction of the district court, 18 U.S.C. § 2518(3), which includes both "where the tapped phone is located *and* where law enforcement officers first overhear the call," *United States v. Luong*, 471 F.3d 1107, 1109 (9th Cir. 2006).[1]

**AFFIRMED**.

---

[1] The government's motion to strike, **Dkt. 82**, is denied. Carey's motion to compel delivery of mail, **Dkt. 61**, is denied.